**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**


| | | |
|---|---|---|
| **COREY LAMAR SELLERS #0118204** | § | |
| **(McLennan County)** | § | |
| | § | |
| **V.** | § | **W-16-CV-064 -RP** |
| | § | |
| **OFFICER ADAMS** | § | |


## ORDER

Before the Court are Plaintiff's Complaint (#1) and Defendant's Motion to Dismiss (#22). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

### STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the McLennan County Jail. Plaintiff asserts that he was arrested and charged following an illegal search and seizure by Defendant.

Plaintiff alleges that police arrived at the motel where he was staying in response to a domestic disturbance call involving Plaintiff and Brittany Bishop. Defendant questioned Plaintiff and learned that Plaintiff was staying in a different room than the one where the domestic disturbance had occurred. After speaking with Defendant, Plaintiff alleges he went to another friend's room. Shortly thereafter the police knocked on the door of that room and told Plaintiff to come with them. Plaintiff was then led back to his own room where Defendant had already entered and begun a search. Plaintiff was questioned about a package containing illegal drugs that Defendant had found in the dresser in Plaintiff's room and Plaintiff denied all knowledge of the package and

its contents. Compl. (#1) at 4-6. Following the alleged illegal search, Plaintiff was charged with possession of methamphetamine. Mot. (#22) at Ex. 1. Plaintiff pleaded guilty to that charge and was sentenced to two years in prison. *Id.*

Plaintiff sues Officer Adams. He seeks $50,000 in compensatory damages and $500,000 in punitive damages.

DISCUSSION AND ANALYSIS

I.    **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a case for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-57 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.

The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard is properly guided by "[t]wo working principles." *Id.* First, although "a court must accept as true all of the allegations contained

in a complaint," that "tenet is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678-79. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged-but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Despite this, courts remain obligated to construe a pro se complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (reiterating long-standing rule that documents filed pro se are to be construed liberally).

## II. Application

Defendant moves to dismiss Plaintiff's claims pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff did not respond to Defendant's motion to dismiss. Plaintiff appears to argue that his constitutional rights were violated by Defendant's search of his motel room. Defendant explains that if the Court were to find that the search was unconstitutional, such a finding would attack the constitutionality of Plaintiff's conviction for possession of methamphetamine because it was only through the search that the illegal drugs were discovered. In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . Thus, when a

state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486–87.

However, the Supreme Court further explained:

[A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, . . . and especially harmless error, . . . such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.

*Id.* at 487 n.7 (internal citations omitted).

In short, a successful § 1983 illegal search and seizure action does not necessarily imply the invalidity of an underlying conviction. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (stating that "[i]t is well established that a claim of unlawful arrest, standing alone, does not necessarily implicate the validity of a criminal prosecution following the arrest."); *see also Simpson v. Rowan*, 73 F.3d 134, 136 (7th Cir. 1995) ("Because an illegal search or arrest may be followed by a valid conviction, a conviction generally need not be set aside in order for a plaintiff to pursue a § 1983 claim under the Fourth Amendment."). Under *Heck*, the district court must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (citation omitted).

In this case, Plaintiff was arrested and charged with possession of methamphetamine after the search of his motel room revealed the illegal drugs. Plaintiff pleaded guilty to that charge.[1] Whether the Defendant's search of Plaintiff's motel room was constitutional directly bears on the validity of his guilty plea and conviction. If the Court were to find the arrest was unconstitutional, then the drugs which served as the basis of Plaintiff's arrest, prosecution, and guilty plea would have to be excluded. Exclusion of the drugs obviously would call into question the validity of Plaintiff's guilty plea and conviction. In addition, there is no indication that doctrines such as independent source, inevitable discovery, and harmless error would have permitted the introduction of the drugs as evidence in the case. Based on the facts as alleged by Plaintiff, the illegal drugs were only discovered when Defendant entered Plaintiff's room without Plaintiff's presence and without a warrant. Accordingly, Plaintiff's claims relating to the alleged unlawful search of his motel room are barred by *Heck*.

Therefore, Plaintiff's claims against Defendant are dismissed without prejudice to refiling once the conditions of *Heck* are met. Plaintiff should be allowed to refile only upon a showing that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87.

---

[1] Plaintiff did not move to suppress the evidence in his criminal case and he also waived his right to appeal. Mot. (#22) at Ex. 2.

<u>CONCLUSION</u>

It is therefore **ORDERED** that Defendant's Motion to Dismiss (#22) is **GRANTED**

It is further **ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** to refiling once the conditions of *Heck* are met.

It is further **ORDERED** that Plaintiff is warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk shall e-mail a copy of this order and the final judgment to the keeper of the three-strikes list.

**SIGNED** on April 10, 2017.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE